IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| YANICE JACKSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25CV626 (RCY) |
| | ) | |
| WALMART INC., | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This is a four-count negligence action brought by Plaintiff Yanice Jackson, wherein Plaintiff alleges that Defendant WalMart Inc. was aware of previous criminal activity at or near its premises and failed to take adequate measures to protect her from a criminal assault by a third party. The case is before the Court on Defendant's Motion to Dismiss. The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant Defendant's Motion to Dismiss.

**I. PROCEDURAL HISTORY**

On July 14, 2025, Plaintiff filed her Complaint in the Colonial Heights Circuit Court. Compl., ECF No. 1-2. Defendant then filed a Demurrer and Answer on August 4, 2025. Dem., ECF No. 1-3; Answer, ECF No. 1-4. On August 12, 2025, Defendant removed the case to this Court. Not. Removal, ECF No. 1. On August 19, 2025, the Court denied Defendant's Demurrer without prejudice and directed Defendant to file an Answer or move for dismissal of Plaintiff's claims pursuant to the Federal Rules of Civil Procedure. Order, ECF No. 7. Defendant filed a Motion to Dismiss and a Memorandum in Support thereof on August 20, 2025. Def. Mot. Dismiss, ECF No. 8; Mem. Supp., ECF No. 9. On September 3, 2025, Plaintiff filed her Response to the instant Motion to Dismiss, Resp., ECF No. 12, as well as an application to proceed *in forma*

*pauperis*, IFP Appl., ECF No. 11, which the Court granted on October 7, 2025, *see* Order, ECF No. 14.[1]  Defendant filed its Reply on September 10, 2025, Reply, ECF No. 13, rendering the Motion ripe for review.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2).  *Id.* (citations omitted).  The plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted); *see also Martin*, 980 F.2d at 952.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] Plaintiff's application to proceed *in forma pauperis* ("IFP application") and her contemporaneously filed Response in opposition to the Motion to Dismiss both reference an Amended Complaint; however, the Clerk's Office has confirmed that no Amended Complaint was submitted with the IFP Application, and Plaintiff has not filed any such document in the meantime, despite Defendant flagging the absence thereof in its Reply.

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.*

*Pro se* complaints are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). However, such deference "does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). Nor does it require the Court to discern the unexpressed intent of a plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategy for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Applying these standards, the Court construes the facts in Plaintiff's Complaint as follows.

### III. FACTUAL ALLEGATIONS

Plaintiff is a resident of Colonial Heights, Virginia. Compl. ¶ 1, ECF No. 1-2. Defendant operates a WalMart store located in Colonial Heights, Virginia. *Id.* ¶ 2. On June 22, 2024, Plaintiff entered Defendant's store in Colonial Heights, Virginia, as a business invitee. *Id.* ¶ 5. While Plaintiff was in the store, another store patron assaulted her without provocation. *Id.* ¶ 6. Following the incident, the store patron was criminally charged and convicted of felony aggravated assault in Virginia Circuit Court. *Id.* ¶ 8. The assault caused Plaintiff to suffer physical injuries, including a split lip, broken teeth, a head concussion, ankle trauma, back trauma, and neck trauma. *Id.* ¶ 7. Plaintiff was hospitalized and requires ongoing medical care. *Id.*

Defendant's employees did not protect Plaintiff nor intervene during the assault. *Id.* ¶ 9. Further, the employees allegedly did not provide a timely security response. *Id.* Upon Plaintiff's

information and belief, Defendant was aware of previous incidents of criminal activity at or near the premises and failed to implement or maintain reasonable safety measures. *Id.* ¶ 10. Now, Plaintiff seeks $850,000 to account for her medical expenses, lost wages, pain and suffering, and emotional distress. *Id.* at 3, 6.

## IV. ANALYSIS

Plaintiff raises four claims against Defendant: (I) premises liability/negligence; (II) negligent security; (III) gross negligence; and (IV) negligent hiring/retention/training, all arising from the alleged third-party assault in Defendant's Colonial Heights store. *Id.* at 2. Defendant seeks dismissal of Counts I–III because Plaintiff has failed to state facts sufficient to impose liability on Defendant. Mem. Supp. 7–9. Defendant argues that Plaintiff's facts are insufficient because Plaintiff fails to show that Defendant had knowledge of an imminent danger prior to Plaintiff's attack, which is required to impose a duty to protect. *Id.* Additionally, Defendant seeks dismissal of Count IV because negligent training is not a recognized cause of action in Virginia, and Defendant's employees did not pose a risk to patrons or cause Plaintiff's injuries. *Id.* at 10. The Court will address each of Defendant's arguments in turn.[2]

## A. Counts I (Premises Liability/Negligence) and II (Negligent Security) Fail as a Matter of Law

Plaintiff alleges in Count I that Defendant owed Plaintiff a duty to maintain the premises in a reasonably safe condition and to protect against foreseeable harm, which Defendant failed to do. Compl. ¶¶ 13, 14. In Count II, Plaintiff alleges that since Defendant knew of prior assaults or violence at or near the premises, it failed to employ sufficient deterrent or responsive measures to provide adequate security. *Id.* ¶ 16. Defendant argues that Counts I and II should be dismissed because Plaintiff's conclusory claims that Defendant had prior knowledge of criminal activity at

---

[2] The Court does not engage with the issue of punitive damages, as briefed by the parties, because it finds that Plaintiff fails to state any claim upon which relief may be granted. Damages are therefore irrelevant.

or near the premises are not specific enough to impose negligence liability.[3]  Mem. Supp. 7–9. The Court agrees.

Negligent security should be addressed in terms of negligence based on insufficient and/or lack of security, and not as its own claim apart from negligence.[4]  *See Yuzefosky v. St. John's Wood Apartments*, 261 Va. 97, 101 (2001).  Accordingly, Counts I and II are addressed together here. To make a *prima facie* negligence claim, Plaintiff must allege: (1) Defendant owed Plaintiff a legal duty of maintaining the premises in a reasonably safe condition; (2) Defendant breached that legal duty; (3) Plaintiff suffered damages; and (4) Defendant's breach caused Plaintiff's damages.  *Id.* at 109–10; *Marshall v. Winston*, 239 Va. 315, 318 (1990); *Wright v. Webb*, 234 Va. 527, 530 (1987).

Plaintiff's negligence claims under Counts I and II fail because Defendant does not owe Plaintiff the legal duty alleged in her Complaint.  Plaintiff claims that Defendant's legal duty to maintain the premises in a reasonably safe condition includes Defendant protecting her from a third party's criminal assault and providing security measures at the store.  *See* Compl. ¶¶ 13, 14, 16.  But, "[o]rdinarily, the owner or possessor of land is under no duty to protect invitees from assaults by third parties while the invitee is upon the premises."  *Wright*, 234 Va. at 530.  "[A]s a matter of law—a business has no duty to prevent such criminal acts unless its method of business attracts or provides a climate for such crimes."  *Godfrey v. Boddie-Noell Enters.*, 843 F. Supp. 114, 123 (E.D. Va. 1994); *Wright*, 234 Va. at 533.  An exception to this standard rule is that a business does owe a duty to protect invitees when the "previous criminal activity [in the area or on the

---

[3] Defendant argues that Counts I–III are all under "the same cause of action, rely on the same determinations of law, and should be dismissed for the same reasons."  Mem. Supp. 1.  The Court agrees that these counts are closely related but addresses Count III separately given that it is technically a distinct claim.  *See infra* Section IV.B.

[4] The cases cited by both parties across the Complaint, Motion to Dismiss, Response, and Reply support this approach.  *See Yuzefosky*, 261 Va. at 101; *Thompson v. Skate Am., Inc.*, 261 Va. 121, 129 (2001); *Gupton v. Quicke*, 247 Va. 362 (1994); *Wright v. Webb*, 234 Va. 527, 530 (1987).

premises] was sufficient to 'lead a reasonable person . . . to conclude that there was an imminent danger of criminal assault' to the plaintiff." *Dudas v. Glenwood Golf Club*, 261 Va, 133, 140 (2001) (citing *Wright*, 234 Va. at 533). For such a duty to be imposed, there must be "notice of a specific danger *just prior to* the assault." *Thompson v. Skate Am., Inc.*, 261 Va. 121, 129 (2001) (emphasis added) (citing *Wright*, 234 Va. at 533).

Opinions from the Virginia Supreme Court illustrate the high bar for application of this exception. For example, in *Wright*, the Virginia Supreme Court did not find that the defendants (owners of a motel and parking lot) owed patrons a duty to prevent criminal acts when the plaintiff (a parking lot patron) "relie[d] upon previous criminal activity[,]" specifically, two prior isolated acts of violence, to show that the defendant knew there was an imminent danger of criminal assault. 234 Va. 527, 533 (1987) ("We will not impose liability for negligence based solely upon such a background."). Similarly, in *Yuzefovsky*, the Virginia Supreme Court held that no duty was owed when the plaintiff merely alleged that a significant number of crimes at the premises were reported in the three-year period leading up to the underlying incident, because: "[t]here are no express allegations . . . that [the landlord] knew that criminal assaults were occurring, or were about to occur, on the premises that would indicate an imminent probability of harm to [plaintiff] or another tenant, nor can such knowledge be reasonably implied or inferred . . .". 261 Va, 97, 109 (2001).

Here, there is no dispute that Plaintiff was a business invitee, and Defendant was the business invitor. However, the facts alleged in the Complaint do not support application of the exception to the general rule that business invitors do not owe invitees a duty to protect against criminal acts of third parties. The Complaint alleges only generally that "Walmart was aware of prior incidents of criminal activity at or near the premises."[5] Compl. ¶ 10. Thus, this case is

---

[5] Plaintiff's Response to the Motion to Dismiss adds allegations regarding a specific number of prior known incidents, but the Court cannot consider these facts when deciding the Motion to Dismiss. *See Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017) (holding that "a plaintiff may not amend her complaint via briefing")

analogous to those where Virginia courts have declined to impose the duty Plaintiff advances. *See Wright*, 234 Va. at 533; *Yuzefovsky*, 261 Va. at 109.

Nothing in the Complaint supports a plausible finding that Walmart's "method of business attracts or provides a climate for such crimes." *See Godfrey*, 843 F. Supp. at 123; *Wright*, 234 Va. at 533. Plaintiff's only relevant allegation on this point is that Defendant operates in an area where criminal activity occurs. Compl. ¶ 10. Operation in an area with criminal activity, without more information about the manner in which Defendant operates its business, is not enough to plausibly allege that Defendant *attracted* such criminal activity and thereby created a duty to protect business invitees. *See Godfrey*, 843 F. Supp. at 122–23.

Further, nothing in the Complaint supports a plausible inference that Walmart was aware of an *imminent* probability of harm to Plaintiff; the facts before the Court differ from cases finding sufficient allegations of such awareness. For example, in *Gupton*, 247 Va. 362, 364 (1994), the Virginia Supreme Court found the defendant did have a duty to protect an invitee because the business's employees heard the assailant say he was going to attack the plaintiff and did nothing to prevent the attack. Here, however, Plaintiff did not allege any facts to suggest that Defendant or its employees had specific notice of an imminent attack prior to the incident. *See generally,* Compl. Further, this case differs from *Thompson,* 261 Va. 121, 130 (2001), where the defendant had notice of the attacker's "propensity to assault its other invitees" and knowledge that he was on the premises, so the defendant thus plausibly knew of the imminent probability of harm. In this case, Plaintiff has not alleged any facts suggesting Defendant knew the criminal third party was dangerous or had a history of assaults at the store. *See generally,* Compl. Therefore, Plaintiff has

---

(citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

not alleged sufficient facts to show that Defendant owed her a legal duty to protect her from a criminal attack by a third party.

Because Plaintiff's negligence claims fail as a matter of law on the first of the four necessary factors, i.e., establishing a duty owed, the Court will grant Defendant's Motion to Dismiss as to Counts I and II.[6]  The Court need not reach the remaining elements of negligence.

## B. Count III Fails as a Matter of Law

Plaintiff alleges in Count III that Defendant's actions constituted gross negligence and showed a willful and wanton disregard for public safety.  Compl. ¶ 18.  Defendant argues that Count III should be dismissed because, like with Counts I and II, Plaintiff fails to allege facts sufficient to impose negligence liability.  Mem. Supp. 7–9.  Again, the Court agrees.

Gross negligence shares the same elements as simple negligence but varies with respect to the nature of the breach.  *See Reid v. Newton*, 2014 U.S. Dist. LEXIS 52072, at \*20 (E.D. Va. Apr. 14, 2014) ("To state a claim for gross negligence, a plaintiff must plead the regular elements of a negligence claim . . . ."); *Green v. Ingram*, 269 Va. 281, 292 (2005) ("The difference between ordinary negligence and gross negligence is one of degree[.]").  Because Plaintiff has not sufficiently pleaded that Defendant owed her a legal duty of protection from a third party's criminal assault for purposes of claiming simple negligence, she necessarily fails to state a claim for gross negligence.  The Court will accordingly grant Defendant's Motion to Dismiss as to Count III.

## C. Count IV Fails to State a Claim

Plaintiff alleges in Count IV that "Walmart hired, retained, or failed to adequately train employees and security staff unfit to handle foreseeable safety threats, further endangering [her]."

---

[6] Plaintiff's Response raises a new allegation that Defendant did not have a security guard on the premises. Resp. 2.  Even if the Court could consider that fact, *cf. supra* n.5, the lack of a security guard does not bear upon the dispositive issues of whether Walmart attracted crime or was otherwise aware that harm was imminent.

Compl. ¶ 19. Construing this as either an attempted negligent training claim or a negligent hiring and/or retention claim, Defendant argues that negligent training is not a recognized cause of action in Virginia and, further, that Plaintiff has not alleged facts to show that Defendant's employees caused Plaintiff's injuries, nor that they posed a threat of injury to others. Mem. Supp. 10. The Court agrees and will dismiss this count—however construed—accordingly.

### 1. Negligent Training

The Court first considers Plaintiff's attempted negligent training claim. Compl. ¶ 19. Because diversity is the basis for this Court's jurisdiction in this action, Virginia law governs this issue. *See Liberty Mut. Ins. Co. v. Triangle Indus.*, 957 F.2d 1153, 1156 (4th Cir. 1992) ("[A] federal court sitting in diversity has a duty to apply the operative state law as would the highest court of the state in which the suit was brought."). Virginia courts have not established negligent training as a cause of action, and federal courts in this district have declined to recognize such a cause of action without clear precedent in Virginia state courts. *See, e.g., Morgan v. Wal-Mart Stores E., LP*, 2010 U.S. Dist. LEXIS 116400, at *11–12 (E.D. Va. 2010) (citing *Williams v. Dowell*, 34 Va. Cir. 240, 243 (1994)); *Meccia v. Pioneer Life Ins. Co.*, 13 Va. Cir. 17, 25 (1987)). *See also Curran v. Axon Enter., Inc.*, 2021 U.S. Dist. LEXIS 201249, at *12 (E.D. Va. Sept. 13, 2021). Therefore, this Court will grant Defendant's Motion to Dismiss as to Count IV's ostensible negligent training claim, as such a claim is not recognized under Virginia law.

### 2. Negligent Hiring/Negligent Retention

Next, the Court construes Count IV to assert that Defendant negligently hired and retained its employees. Compl. ¶ 19. To make a *prima facie* case of negligent hiring and retention, Plaintiff must allege that: (1) Defendant hired or retained an employee; (2) Defendant knew or should have known that the employee was dangerous to others or likely to cause harm; and (3) Defendant's

employee caused Plaintiff's injuries.  *See Se. Apartments Mgmt., Inc. v. Jackman*, 257 Va. 256, 260–61 (1999).

Here, Plaintiff alleges that the third-party assailant caused her injuries, and it was only Defendant's employees' inaction that "further[ed]" her injuries.  Compl. ¶¶ 6–9, 19.  This fails to give rise to a plausible inference that Defendant's employees *caused* her actual injuries—just that she may have been injured less, had they intervened.  Thus, Plaintiff has failed to allege facts necessary to support an essential element of the negligent hiring and retention claim she intends to state.  Accordingly, the Court will dismiss that aspect of Count IV, as well, resulting in complete dismissal of the count.

**D. Futility of Amendment**

Although Plaintiff has not specifically requested leave to amend, her papers suggest that she either meant to amend and neglected to do so, or that she wishes to amend.  *See supra* n.1.  Federal Rule of Civil Procedure 15(a)(2) instructs courts to freely give parties leave to file amended pleadings.  *See In re Triangle Capital Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021).  District courts can deny leave to amend, however, "in cases of 'prejudice, bad faith, or futility.'"  *Id.* (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)).  Proposed amendment is futile if it is clearly insufficient, frivolous on its face, or the proposed complaint fails to withstand Rule 12(b)(6) scrutiny.  *See id.* (citing *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)).

Based on references (and purported citations) to an amended complaint in her Response in opposition to the Motion to Dismiss, Plaintiff appears to wish to add the following factual allegations:  (1) Defendant had actual knowledge of at least seven prior violent incidents at the Colonial Heights store within the year before the attack; (2) Defendant's employees had raised safety concerns to management; and (3) Defendant did not have a security guard on the premises

10

at the time of the assault.  Resp. 2.  Still, none of these additional facts would be sufficient for Counts I through III to survive 12(b)(6) scrutiny.  Specifically, neither Defendant's knowledge of seven prior violent incidents nor awareness of general safety concerns from employee reporting gives rise to a plausible inference that Defendant was aware of an *imminent* threat of harm to patrons posed by Plaintiff's third-party assailant.  Further, the lack of a security guard on the premises at the time of Plaintiff's assault is not equivalent to a business defendant actively attracting or otherwise providing a conducive climate for crime.  Therefore, the Court finds that amendment would not sufficiently alter Plaintiff's otherwise deficient pleading of Counts I through III.  Moreover, none of the foreshadowed additional facts implicate Defendant's hiring, training, or retention of employees.  The Court can therefore conclude that Plaintiff's anticipated amended complaint would not sufficiently correct her insufficient pleading of Count IV, either.

Because the proposed amendment, as referenced by Plaintiff, would not bolster any of Plaintiff's claims sufficiently for them to survive 12(b)(6) scrutiny, the Court will not grant leave to amend at this juncture, finding the proposed amendments to be futile.  *See Katyle*, 637 F.3d at 471.  However, because it remains possible—however improbable—for the instant pleading defects to be remedied, the Court will grant the Motion to Dismiss without prejudice.

### V. CONCLUSION

For the reasons detailed above, Defendant's Motion to Dismiss will be granted, in full.  The Court will deny Plaintiff leave to amend her Complaint, as the contemplated amendment appears to be futile.  The matter will accordingly be dismissed.

An appropriate Order shall issue.

_____/s/_____
Roderick C. Young
United States District Judge

Date: March 16, 2026
Richmond, Virginia

11